UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                            Plaintiff,

                    v.

GEORGE STRICKLAND,

                            Defendant.

_____

DECISION AND ORDER

17-CR-6061L

Defendant George Strickland ("Strickland") was sentenced on his guilty plea on January 10, 2018, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure principally to an agreed-upon sentence of 30 months imprisonment.

Recently, on April 22, 2019, Strickland filed a *pro se* motion which he characterized as a Motion For Habeas Corpus Relief And For Interim Conditional Release Pursuant To The First Step Act Amendment To The Good Time Statute. (Dkt. #55). In his motion, Strickland requests recalculation of his good conduct time (GCT) credit. He claims that the First Step Act changed the way in which GCT is calculated.

For the following several reasons, Strickland's motion for habeas corpus relief is in all respects denied.

Strickland is currently incarcerated in the Federal Correctional Institution at Allenwood, Pennsylvania. According to the Government's Response to the motion ("Response") (Dkt. #59), by the Government's calculation under 18 U.S.C. § 3624(b), Strickland's projected release date is July 7, 2019. First of all, as the Government notes in its Response (pp. 3-6), this Court in the

Western District of New York lacks jurisdiction to consider Strickland's present motion. It is clear that in challenging the Bureau of Prison's calculation of his GCT, Strickland is in fact challenging the execution of his sentence which requires the challenge be made by means of a Writ of Habeas Corpus under 28 U.S.C. § 2241. The appropriate respondent for such an action is the entity confining Strickland which is located in the Middle District of Pennsylvania. Any action of the nature raised by Strickland here must, therefore, be commenced not in the Western District of New York but in the Middle District of Pennsylvania.

Second, Strickland had failed to exhaust his available administrative remedies prior to commencement of this lawsuit. Failure to exhaust appropriate administrative remedies constitutes a procedural default requiring dismissal. To date, Strickland has not exhausted any of his available administrative remedies which are available to challenge the calculation of good conduct time.

Next, Strickland's reliance on the recently enacted First Step Act is misplaced. The Act was enacted on December 21, 2018 and amends 18 U.S.C. § 3624(b) to change the method by which the Bureau of Prisons calculates good conduct time credits. But the effective date of that provision has been deferred until after the Attorney General establishes a risk assessment program and the Act's provisions are not effective until the Attorney General completes that task.

Therefore, as the Government notes in its Response, Strickland's request is not ripe since the GCT credits have not yet been recalculated pursuant to the First Step Act. In its Response, the Government cites numerous district court cases which have denied challenges relating to the recalculation of GCT under the First Step Act. (Response; pp. 7-8).

Finally, under the existing statute 18 U.S.C. § 3624, it appears that the Bureau of Prisons did accurately calculate the GCT for the defendant serving a 30-month sentence.

Finally, Strickland apparently seeks release pending a resolution of his motion. As indicated by the above-discussion, the motion is denied for the several reasons discussed above and, in any event, Strickland has not established any exceptional circumstances which warrant his release pending resolution of the present motion.

## CONCLUSION

The motion of defendant George Strickland for habeas corpus relief seeking recalculation of his good credit time is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 6, 2019.